James W. JOHNSON, Petitioner,

v.

DEPARTMENT OF the TREASURY, Respondent.

Appeal No. 83–684.

United States Court of Appeals, Federal Circuit.

Nov. 18, 1983.

Jessie James, Jr., and Michelle C. White, Washington, D.C., submitted for petitioner.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Donnie Hoover and Robert G. Giertz, Washington, D.C., submitted for respondent; Suzanne Wilson, Bureau of Engraving and Printing, Dept. of the Treasury, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and DAVIS and SMITH, Circuit Judges.

DAVIS, Circuit Judge.

James W. Johnson's motion for a third continuance of the hearing in the administrative appeal of his removal from the position of plate printer at the Bureau of Engraving and Printing[1] was denied by the presiding official of the Merit Systems Protection Board (MSPB or Board). When petitioner and his counsel both failed to appear at the scheduled hearing, the presiding official decided the case on the existing record and upheld the removal. The full Board denied Johnson's appeal to it, on the ground that the presiding official's actions were correct. Petitioner seeks review here. We affirm.

## I

Johnson's removal, effective September 20, 1980, was based on unsatisfactory attendance.[2] His attorney, Harry Toussaint Alexander, timely filed with the MSPB a petition for appeal dated October 15, 1980 in which he stated that the removal was "unsupported by the facts"[3] and requested a hearing. The Board's October 21, 1980 letter acknowledged receipt of the petition, explained the process by which the appeal would be considered, and included the following:

It is the policy of the Merit Systems Protection Board to complete action on an appeal within 120 calendar days after the petition for appeal is filed. The Board expects you to cooperate in the expeditious processing of this case. Failure to prosecute the appeal expeditiously may result in its dismissal.

It is also the policy of the Board to decline any request for a continuance of a hearing or for an extension of time within which to submit evidence and argument unless the request is supported by an affidavit showing good cause for granting a continuance or extension. Extraordinary circumstances must be shown to have more than one continuance or extension allowed.

The procedures there outlined derive from 5 U.S.C. § 7701 *et seq.,* which set out

---

1. The Bureau of Engraving and Printing is part of the Department of the Treasury in Washington, D.C.

2. Between August 1, 1979 and August 1, 1980, Johnson had 131 days of unscheduled absences, 61 days of which involved absences without leave.

3. This allegation barely, if at all, conforms with the Board's regulation on the content of a petition for appeal, which states that a petition "must contain ... [a] statement of the reasons why the appellant believes the agency action to be wrong". 5 C.F.R. 1201.24(a)(4).

the MSPB's appellate procedures,[4] and from the Board's regulations, 5 C.F.R. 1201.51 *et seq.*, promulgated pursuant to the specific authorization in 5 U.S.C. § 7701(j). They are also supported by the legislative history to the Civil Service Reform Act of 1978. *See* S.Rep. No. 95–969, 95th Cong., 2d Sess. 61–62 (1978), U.S.Code Cong. & Admin. News 1978, p. 2723.

Petitioner's attorney was notified by the assigned presiding official by letter dated November 21, 1980 that the requested hearing would be held December 18, 1980. Postponement of that hearing was requested by Mr. Alexander by motion dated December 2, 1980, citing a conflicting scheduled court appearance and noting that "[n]o postponements have been granted in this matter". That motion was granted.

Following contacts with Mr. Alexander's office regarding a mutually convenient new hearing date, the presiding official confirmed the date as January 9, 1981 by letter of December 31, 1980 to Mr. Alexander. That letter recognized Mr. Johnson's possible unavailability due to hospitalization on the hearing date and noted that:

> I will, of course, give due consideration to any future motion for postponement of the hearing for good cause shown. Any such motion must be supported by an affidavit and, if appropriate, medical evidence to establish Mr. Johnson's unavailability.

A second motion for postponement was hand-delivered in the late afternoon of January 8, 1981, citing petitioner's hospitalization and stating that a doctor's certificate was forthcoming. The second motion was also granted. The presiding official received a doctor's certificate by letter dated January 13, 1981, indicating that Johnson had been hospitalized since December 31, 1981, but stating no details regarding Johnson's medical condition.

After repeated, unsuccessful attempts by the presiding official to learn the specifics of Johnson's status in order to set a new hearing date, during which period he learned that Johnson was no longer hospitalized, the presiding official advised Mr. Alexander's office that—in the absence of medical evidence—he would reschedule the hearing. Having received no such evidence, the presiding official (on February 2) set February 11, 1981, as the new date, and Mr. Alexander was so notified by letter of February 2nd.

On the afternoon of February 10, 1981, a third motion for continuance was received, stating that Johnson was ill, that he had been advised by his doctor not to attend a hearing, that a doctor's certificate was forthcoming, and that Mr. Alexander was involved in a trial which began February 3 and was expected to continue through February 13. The motion was not supported by an affidavit.

The presiding official immediately notified both parties by telephone of his denial of this third motion. Neither petitioner nor his counsel attended the scheduled hearing the next day. The presiding official closed the record and on February 13, 1981, issued an initial decision upholding Johnson's removal.

The Board denied Mr. Alexander's request (on behalf of petitioner) for review, in a reasoned decision of October 6, 1982. It found the denial of the third continuance correct, saying that Mr. Alexander had not shown good cause for another postponement nor had he supplied the required documentation. The Board also found that failure to allow the submission of further evidence was not reversible error nor was Johnson prejudiced by that action; Johnson had had ample opportunity to present his case prior to the hearing.

---

4. Section 7701(i)(1) directs the MSPB, on submission of any appeal to the Board, to "establish and announce publicly the date by which it intends to complete action on the matter. Such date shall assure expeditious consideration of the appeal, consistent with the interests of fairness and other priorities of the Board".

Section 7701(i)(4) provides: "It shall be the duty of the Board, an administrative law judge, or employee designated by the Board to hear any proceeding under this section to expedite to the extent practicable that proceeding".

Petitioner now asserts [5] that (1) he was denied due process because he had no opportunity to participate in a factfinding hearing before the presiding official, thereby also losing the right to pursue other claims, and (2) the MSPB abused its discretion in denying the motion for continuance both (a) because it failed to follow normal procedures by not sending copies of all relevant papers to petitioner (as opposed to his counsel) and (b) because the Board was on notice of Mr. Alexander's lack of diligence and petitioner's incapacity.

## II

We find no fault with the Board's decision. In tension are (1) petitioner Johnson's apparent expectation of receiving a hearing in the appeal of his removal with (2) the Congressional directives to the MSPB to be expeditious in its handling of appeals. *See* 5 U.S.C. §§ 7701(i)(1) and (4). There is no question of petitioner's entitlement to appeal the removal action to the MSPB under 5 U.S.C. § 7701, nor is there any dispute regarding petitioner's right to request a hearing under 5 U.S.C. § 7701(a)(1).

Under 5 U.S.C. § 7701(j), *supra,* the Board promulgated regulations which inform appellants of their rights and which establish procedures by which an appeal may be decided either on the record or following a hearing. Motions for postponements of hearings are provided for under 5 C.F.R. 1201.51 and 5 C.F.R. 1201.55. The former provision includes the statement that "[m]otions for postponement ... shall be made in writing and accompanied by an affidavit setting forth the reasons for the request and shall be granted only upon a showing of good cause".

Mr. Alexander was on notice of the Board's requirements from the statute, the regulations, and the Board's communications to him.[6] Petitioner's third motion, involved here, presented no affidavit and

made virtually no attempt at a "good cause" showing. Two prior continuances had been granted despite delayed or insufficient support. Almost all of the normal 120 days for determination of an appeal to the MSPB had already elapsed. This is not a case where a presiding official abused his discretion in denying the third request. The record shows fairness on the presiding official's part in granting two continuances, great diligence in his further attempts to establish a mutually acceptable hearing date, and a general lack of cooperation on the part of petitioner's counsel.

Counsel's disregard for the Board's regulations and procedures cannot be condoned. The Board has a statutory mandate to set deadlines and decide cases expeditiously, "consistent with the interests of fairness and other priorities of the Board". 5 U.S.C. § 7701(i)(1), *supra* fn. 4; *see also* S.Rep. No. 95–969, 95th Cong., 2d Sess. 61–62 (1978). The procedures for obtaining a postponement act not only as a safeguard in a particular case against abuse of the system by one party through unduly lengthening an appeal. They also guarantee that other appellants will have their appeals heard at the earliest possible times and not be left to uncertainty about their future careers. It is essential that parties before the MSPB recognize the Board's rules and abide by its schedules to the extent possible.

While it may be true that the decision to postpone a hearing turns on the facts of each case, it is petitioner's (or his counsel's) responsibility to make certain that those facts reach the deciding official. There may be circumstances in which three or more continuances would be warranted, but petitioner's counsel in this case failed completely to convey sufficient information regarding the need for postponement to the presiding official even after repeated requests by that official.[7] We cannot say

---

5. Petitioner has new representation for this appeal.

6. He also had had prior cases in the MSPB, in which the Board had denied requests for a continuance.

7. Mr. Alexander's claim that the February 11 hearing date conflicted with a trial with which he was involved persuades us only that it was inexcusable for him not to have so notified the presiding official at the earliest—rather than

that, faced with the information (or lack of it) before him, the presiding official abused his discretion in denying another postponement. *See Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). Petitioner had adequate time and opportunity to supplement the record concerning his removal, especially in light of his having been given two continuations prior to the hearing.[8] There was no violation of due process, of any statute, or of any Board rule.

## III

■ Through new counsel, Johnson strongly urges us not to "penalize" him because of the inadequacies and deficiencies of his former counsel in failing to comply with the Board's requirements. Mr. Alexander was voluntarily chosen by petitioner as his representative.[9] It is not the Board's duty, when the chosen representative shows a lack of diligence in his representation, to counsel an appellant in that regard, or substitute for the representative. Whether Mr. Alexander's omissions are themselves

actionable is not before us, but it is plain that the Board was not required to bypass counsel to deal directly with petitioner. Nor need we pass upon petitioner's own diligence or the extent to which he properly shouldered his own responsibilities. In any event, he "cannot now avoid the consequences of the acts or omissions of this freely selected agent". *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *see also Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666–67 (2d Cir.1980). When chosen counsel appears, the Board cannot be expected to monitor that representative's actions or to assume that those actions fail to reflect the employee's own desires.[10]

AFFIRMED.

the latest—possible time. Counsel waited until February 10th.

8. Johnson now claims that, at the hearing, he would have presented further medical evidence and other documentation to show that each absence from work was excused. The record shows that the presiding official repeatedly requested medical evidence and that no statement of any medical evidence was even prepared until well after the February 11 hearing date. Petitioner could have, but did not, supplement the record with the information he says he wanted to introduce—before or after the hearing date.

9. Petitioner says that he suffered from a stress-related illness during and before the period of the MSPB proceedings, but he does not claim, and there is no reason to believe, that he was incompetent or unable to make a voluntary choice.

10. Petitioner's argument that he was denied due process because communications from the Board were sent only to his representative likewise fails. He cites no statutory or regulatory requirements at that time that copies were to be forwarded to him personally; having chosen a representative, communications to his representative are presumed to reach him.