769 F.2d 753
 120 L.R.R.M. (BNA) 2717
 Gary BOWEN, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
Joseph JANIEL, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
Mindy SALTZMAN, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
Ronald T. PRWIVO, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
Gary R. PARIS, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
Francis J. MILLER, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
Stuart FORBES, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
Dennis DADARRIA, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
Gary A. DAWSON, Petitioner
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
 Nos. 83-799 to 83-806 and 83-1176.
 United States Court of Appeals,
Federal Circuit.
 July 31, 1985.
 
 Alan E. Wolin, Wolin & Wolin, Hicksville, N.Y., for petitioners.
 J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Sandra Spooner, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.
 Before MARKEY, Chief Judge, RICH and SMITH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Because the basis asserted for each of the nine captioned petitions is a single, identical issue of law, the court has, sua sponte, consolidated them. The decisions of the Merit Systems Protection Board (board), No. NY075281F0424, sustaining petitioners' removal for participation in an illegal strike against the United States Government and unauthorized absence, are affirmed and sanctions are imposed under Rule 38, Fed.R.App.P.
 
 
 2
 Counsel on appeal, Alan E. Wolin (Wolin) filed virtually identical briefs in the nine petitions for review. Each brief presents the same issues, i.e., whether petitioners' counsel before the board, Jack Solerwitz, fulfilled what Wolin calls "his obligation to prepare a defense and to offer the individual circumstances of each case." Thus, Wolin says, petitioners have been "denied effective assistance of counsel" and the opportunity to develop a full record.[1]
 
 
 3
 To the Government's contention that the present petitions are frivolous, Wolin responds that his argument addresses no issue decided by this Court in the "lead cases." Because that assertion is irrelevant, and the argument is totally without support, we hold frivolous the filing and maintenance of these petitions. See Griessenauer v. Department of Energy, 754 F.2d 361 (Fed.Cir.1985); Moir v. Department of the Treasury, 753 F.2d 341 (Fed. Cir.1985); Asberry v. United States Postal Service, 692 F.2d 1378 (Fed.Cir.1982).[2]
 
 
 4
 The statute, 5 U.S.C. Sec. 7513(b)(3) (1985), provides that an employee facing an adverse action is entitled to "be represented by an attorney or other representative." There is no statutory or regulatory requirement that representation be "effective". On the contrary, the Supreme Court has stated that a petitioner who has voluntarily selected an attorney to represent him in a civil action, "cannot ... avoid the consequences of the acts or omissions of this freely selected agent." See Link v. Wabash Railroad Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390-91, 8 L.Ed.2d 734 (1962). The Court concluded:
 
 
 5
 ... Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." Smith v. Ayer, 101 U.S. 320, 326 [25 L.Ed. 955].
 
 
 6
 Id. at 634, 82 S.Ct. at 1390.
 
 
 7
 In Johnson v. Department of the Treasury, 721 F.2d 361, 365, (Fed.Cir.1983), this court applied that Supreme Court guidance to petitions for review of final decisions of the board.
 
 
 8
 Wolin's main briefs not only ignore Johnson but fail to cite any authority whatsoever in support of the notion that the issue presented is a proper or reasonable basis for these petitions.[3]
 
 
 9
 Wolin's reply brief is also devoid of case law or statute supporting his position. In response to the Government's citation of Johnson, Wolin says that petitioners' situations are:
 
 
 10
 not like the situation presented in Johnson ... where petitioner's grievance against his attorney was more a matter of judgment and where the same external forces and pressures [i.e., "peer pressure"] were not present.
 
 
 11
 At the board hearing, Solerwitz requested petitioners to rise and give consent to his resting the case on their behalf. Before initiating roll-call proceedings, Solerwitz said: "If you have a special situation and you want to talk about it later, do not put your 'yes' on record." Each of the present petitioners rose and gave consent.
 
 
 12
 Though counsel's reply brief asserts that petitioners' "apparent 'waiver' of their right to testify should not be given significant weight," it cites no authority for that surprising proposition. Moreover, Wolin's bald contention that "peer pressure" compelled petitioners to give consent is entirely baseless. A transcript of the proceedings discloses that several other petitioners did withhold consent.
 
 
 13
 As this court said in Johnson: "[w]hen chosen counsel appears, the board cannot be expected to monitor that representative's actions or to assume that those actions fail to reflect the employee's own desires." 721 F.2d at 365. Neither can this court.
 
 
 14
 Wolin's attempt to distinguish Johnson and to vitiate petitioners' voluntary waiver of further proceedings (including the right to testify), and his persistent refusal to cite authority, or to answer in respect of authorities raised in the Government's brief, are utterly disingenuous and violative of his duty as an officer of the court.
 
 
 15
 To avoid a potential injustice, the court has been required carefully to consider twenty-seven briefs submitted with these petitions, on the possibility that a non-frivolous contention might have been found lurking in their duplicative assertions. Not only has the particular block of finite judicial time devoted to these appeals been wasted, but that waste has delayed access to the court by deserving litigants. Wolin was repeatedly cautioned, from the docketing of these petitions onward, against the filing and maintenance of frivolous petitions.[4] Whatever may have been the motive underlying the filing and maintenance of these multiple frivolous appeals, that motive cannot be viewed as compatible with a proper administration of justice.
 
 
 16
 Accordingly, under the provisions of Rule 38, Fed.R.App.P., counsel Alan E. Wolin is assessed in favor of the government $500.00 in respect of each petition, for a total sum of $4,500. See Cecil v. Department of Transportation, FAA, 767 F.2d 892 (Fed.Cir.1985) and Kump v. Department of Transportation, FAA, 767 F.2d 889 (Fed.Cir.1985).
 
 AFFIRMED
 
 
 [1]
 We express no view regarding Mr. Solerwitz' representation of petitioners before the board in these petitions
 
 
 [2]
 Wolin does cite issues he would present to the board, if this court were to accept his assertion on ineffectiveness of counsel and order a re-opening of all nine cases. Those issues were decided in the "lead cases", and the assertion that there may be fact and procedural differences that might be brought forth in a re-opened proceeding does not form a basis for reconsidering those issues in determining the present petitions
 Wolin further disregards the rule that issues not presented to the board cannot be considered on appeal. See James v. Federal Energy Regulatory Authority, 755 F.2d 154 (Fed.Cir.1985); Lizut v. Department of the Army, 717 F.2d 1391 (Fed.Cir.1983).
 
 
 [3]
 A holding of a panel of this court may be overruled by in banc action of the court. South Corp. v. United States, 690 F.2d 1368, 1370 n. 2 (Fed.Cir.1982). Wolin further disregards 5 U.S.C. Sec. 7703(c), which defines the limited metes and bounds of this court's review of board decisions
 
 
 [4]
 The Clerk of this court sent Wolin (1) a May 1984 "Notice to Counsel" citing this court's decisions in Asberry v. United States, 692 F.2d 1378 (Fed.Cir.1982), Connell v. Sears, Roebuck & Co., 722 F.2d 1542 (Fed.Cir.1983), Beachboard v. United States, 727 F.2d 1092 (Fed.Cir.1984), and Wright v. United States, 728 F.2d 1459 (Fed.Cir.1984); (2) a May 18, 1984 "Notice to Counsel and Petitioners in Air Traffic Controller Litigation" enclosing this court's decisions in the "lead cases" and directing attention to the impropriety of prosecuting frivolous appeals, with citation to the above cases; and (3) a December 10, 1984 "Notice to Counsel and Petitioners in air Traffic Controller Litigation", noting the Supreme Court's final disposition of all "lead cases", and again directing attention to the impropriety of prosecuting frivolous appeals, with citation to the above cases