878 F.2d 1447
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mark J. WILLIAMS, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 89-3066.
 United States Court of Appeals, Federal Circuit.
 June 22, 1989.
 
 Before FRIEDMAN, NIES, and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The Merit Systems Protection Board, in No. AT07528610727, dismissed Mark Williams' petition for review of the November 19, 1987 initial decision affirming his removal from his position as laborer because he failed to show good cause for not timely filing the petition for review. See 5 C.F.R. Sec. 1201.114(f) (1988). We affirm.
 
 OPINION
 
 2
 Under 5 C.F.R. Sec. 1201.114(d) (1988), an employee has 35 days to file a petition for review of an initial decision with the Board. This time limit will be waived only where the petitioner can show good cause for the untimely filing. 5 C.F.R. Sec. 1201.114(f); see also 5 C.F.R. Sec. 1201.56(a)(2) (1988) (burden is on appellant to show timeliness of petition for review).
 
 
 3
 Williams asked the Board to review his case on November 6, 1987, more than ten months after the Board's initial decision became final. He asserts that he has shown good cause for the late filing because he promptly contacted his representative after receiving the initial decision, and his representative failed to timely file the appeal on his behalf.
 
 
 4
 This court's review of the Board's determination "is limited to whether the Board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. Sec. 7703(c)(1) (1982); see also Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982).
 
 
 5
 It is well settled that a person is generally bound by the decisions of his or her representative. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986); Whitaker v. Merit Sys. Protection Bd., 784 F.2d 1109, 1110 (Fed.Cir.1986); Johnson v. Department of Treasury, 721 F.2d 361, 365 (Fed.Cir.1983). Therefore, Williams cannot escape the lateness of his appeal simply because he contacted his representative to discuss an appeal and was led to believe one would be taken. Moreover, even were we to agree that good cause was shown for part of the delay based on reliance on his representative, Williams has not shown good cause for the entire period. Further, the petition showed no substantive grounds for overturning the initial decision as required by 5 C.F.R. Sec. 1201.56 (1988).
 
 
 6
 Under the circumstances, we are unpersuaded that the Board abused its discretion in not waiving the time limits for filing a petition for review.
 
 
 7
 We add two further comments. First, Williams states in his brief that "the administrative law judge [sic, the Board] has held that the petitioner's lack of notice as to the time limitations for appeal was insufficient to establish a showing of good cause." The Board did not so hold. Further, Williams was served with the initial decision which clearly explained his review rights.
 
 
 8
 Second, Williams stated in his jurisdictional statement that "[p]etitioner filed his request for Judicial Review ... within thirty-five (35) days of the opinion and order issued by [the Board]...." However, under the applicable statute, a petition for judicial review of the Board's decision must be filed "within 30 days after the receipt of the decision...." 5 U.S.C. Sec. 7701(e)(1)(A) (1982). While it appears that Williams' petition for appeal met the 30 day filing requirement, counsel should take note of the error in his jurisdictional statement.