**Thomas B. JACKSON, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3022.

United States Court of Appeals, Federal Circuit.

DECIDED: May 7, 2003.

Before NEWMAN, BRYSON, and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Thomas B. Jackson ("Jackson") petitions for review of the decision of the Merit Systems Protection Board ("Board"), which dismissed his petition after Jackson, through his attorney, withdrew his appeal. *Jackson v. Dept. of Veterans Affairs,* MSPB Docket No. CH–0432–02–0236–I–1, 93 M.S.P.R. 303 (May 21, 2002) (petition for review denied Aug. 15, 2002). Because the Board's decision is not arbitrary, capricious, or an abuse of discretion, and is otherwise in accordance with law, this court *affirms.*

## BACKGROUND

Jackson was employed at the Veterans Affairs ("VA") Outpatient Clinic in Peoria, Illinois as a Supervisory Social Worker for approximately seven years. In January 2001, he made a formal Equal Employment Opportunity ("EEO") complaint alleging that he was harassed, discriminated against, and generally treated unfairly by supervisors at the VA. In August 2001, he was removed from VA employment for performance problems. The decision regarding his EEO complaint was rendered in December 2001, which found that he did not establish discrimination as set forth in his complaint.

Jackson appealed his decision to the Board in January 2002, and designated counsel that same month. The following May, Jackson's attorney filed "Appellant's Withdrawal of Request For Hearing," wherein it was noted, "Jackson respectfully requests that the Administrative Judge grant his withdrawal of this appeal before the Board." Following the request for withdrawal, the Administrative Judge ("AJ") dismissed the appeal since no matter remained for adjudication. Jackson, now acting pro se, filed a petition for review with the Board in June. With his petition, he submitted what he considered to be new evidence to support his claims of discrimination. He made no mention of his previous withdrawal, other than a reference that implied he was unable to spend any additional money on attorney's fees associated with the proceeding.

The Board denied the petition in August 2002, citing a lack of new and material evidence and no errors on the part of the AJ. Thus, the AJ's initial decision was made final and this timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

This court must affirm the Board's decision unless it is arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir. 1986).

Withdrawal of an appeal is an act of finality that removes an appeal from the Board's jurisdiction. *Spencer v. R.R. Ret. Bd.*, 93 M.S.P.R. 80, 82 (2002). The relinquishment of one's right to appeal to the Board must be by clear, unequivocal and decisive action. *Etheridge v. Dep't of Veterans Affairs*, 67 M.S.P.R. 53, 56 (1995). Absent unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *White v. United States Postal Serv.*, 92 M.S.P.R. 113, 114 (2002).

A person appearing before the Board is bound by the actions of his or her selected representative, regardless of the representative's expertise. *Duncan v. Merit Sys. Prot. Bd.*, 795 F.2d 1000, 1002–03 (Fed.Cir. 1986) (holding petitioner to be bound by non-lawyer representative's withdrawal of appeal); *Massingale v. Merit Sys. Prot. Bd.*, 736 F.2d 1521, 1523 (Fed.Cir.1984) (holding petitioner's filing of appeal to be untimely even though petitioner was advised to delay filing by union representative); *Johnson v. Dep't of Treasury*, 721 F.2d 361, 365 (Fed.Cir.1983) (holding petitioner "cannot now avoid the consequences of the acts or omissions of this freely selected [attorney] agent.") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Here, Jackson's attorney clearly withdrew his appeal in the May "Withdrawal of Request for Hearing," in clear, unequivocal language. This withdrawal removed the appeal from the jurisdiction of the Board; thus the Board did not act arbitrarily or capriciously, nor did it abuse its discretion or act not in accordance with the law by dismissing the appeal. Jackson's petition for review did not present any accusations of misinformation to him on the part of his attorney; such accusations may have given the Board the opportunity to reinstate the appeal. *See White*, 92 M.S.P.R. at 114.

Jackson made statements in his response to the Board's brief that indicate at least some confusion on his part regarding the effect the dismissal had on his case and his misunderstanding that he could continue his appeal pro se. He did indicate both in his petition and response that he was concerned about the amount of money spent on his attorney up until the withdrawal. Whether he communicated to his attorney that he wished to withdraw his representation rather than his appeal is not before us, nor has this ever been expressed. When faced with an action from Jackson's counsel withdrawing the appeal, the Board cannot assume that the actions of counsel "fail to reflect the [party's] own desires." *See Johnson*, 721 F.2d at 365. Thus, the Board's dismissal, based on the withdrawal made by Jackson's attorney, was proper.

We accordingly affirm the Board's decision dismissing Jackson's appeal.