# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HEATHER A. MELTON,
        Appellant,

     v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
CH-0752-09-0448-C-1

DATE: June 18, 2015

Heather A. Melton, Clarksville, Tennessee, pro se.

Gary F. Baumann, Fort Campbell, Kentucky, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER[1]

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement of the agreement that settled her indefinite suspension appeal. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the compliance initial decision, and find the agency in noncompliance with the settlement agreement as to the agency's request, after the effective date of the agreement, for payment of the

---

[1] This order is nonprecedential. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's health insurance premiums. We order the agency to file evidence of compliance within 45 days.

¶2     On February 12, 2009, the agency suspended the appellant indefinitely without pay for failing to maintain a security clearance. *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-I-3, Initial Appeal File (I-3 IAF), Tab 16 at 14, 32-35, 49-51. The appellant filed a Board appeal in March 2009, challenging her suspension. *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-I-1, Initial Appeal File (I-1 IAF), Tab 1. The parties entered into a settlement agreement and the administrative judge issued an initial decision dismissing the appeal as settled. I-3 IAF, Tab 26, Tab 27, Initial Decision (ID) at 2-3. The administrative judge found the Board had jurisdiction over the appeal and entered the agreement into the record for enforcement purposes. ID at 1-2.

¶3     Pursuant to paragraph 2a of the agreement, the agency paid the appellant a lump sum of $35,000 to cover any costs and damages. *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-C-1, Compliance File (CF), Tab 6 at 5, 10-13, 16. In exchange, the appellant released the agency from all employment-related claims in paragraph 4. *Id.* at 17. The agreement also included a mutual release of all issues involving the appellant's employment and resignation. *Id.* at 16.

¶4     The appellant filed a petition for enforcement alleging that the agency violated the terms of the settlement agreement. CF, Tab 1 at 1-2. The administrative judge issued a compliance initial decision denying the petition. CF, Tab 14, Compliance Initial Decision (CID) at 2, 4-5. The appellant has filed a petition for review.[2] Petition for Review (PFR) File, Tab 1. The agency has

---

[2] For the first time on review, the appellant submits her 2010 W-2 forms and 2014 Thrift Savings Plan statement. Petition for Review (PFR) File, Tab 5 at 7-8, 14-15; *see* PFR File, Tab 1 at 7, Tab 2 at 7-9, 15-17, 20-21, Tab 5 at 9-13 (resubmitting documents submitted below); *see also* CF, Tab 7 at 8, Tab 12 at 4-8 (reflecting these documents in the record below); *Meier v. Department of the Interior*, 3 M.S.P.R. 247,

responded to the appellant's petition for review. PFR File, Tab 4. The appellant has replied to the agency's response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency breached the settlement agreement.

¶5     On petition for review, the appellant challenges the administrative judge's determination that the agency is in compliance with the settlement agreement.[3] PFR File, Tab 1 at 5. She alleged below that the agency did not comply with the settlement because she received a bill from the Defense Finance and Accounting Service (DFAS) for health insurance premiums. CF, Tab 1 at 1-2, 20. According to the appellant, pursuant to paragraph 2a and the last sentence of paragraph 4 of the agreement, she does not owe the debt.[4] CID at 1-2. The administrative judge

---

256 (1980) (declining to consider evidence submitted below as "new" evidence). Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Because the appellant does not explain why she did not submit this evidence below, we decline to consider it.

[3] Although the appellant alleges "mutual mistake" and "fraud" on review, she does not seek to invalidate the settlement agreement. *See* PFR File, Tab 1 at 5 (using the term "mutual mistake," and alleging agency fraud, but not seeking to have the agreement found invalid); *see also Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013) (stating the bases for challenging the validity of a settlement agreement). Therefore, we interpret these allegations as a challenge to the administrative judge's compliance determination.

[4] The appellant requested an administrative wage garnishment hearing before DFAS regarding the Treasury Department's collection of her debt for health insurance premiums that the agency paid on her behalf while she was on leave without pay (LWOP). CF, Tab 1 at 18-22. The hearing official determined that the debt was valid and that the collection of it by administrative wage garnishment was appropriate. *Id.* at 22. However, the hearing official did not consider the settlement agreement because the appellant did not submit it to the official. *Id.* at 21. Although the issues are similar, the appellant's current claim is not collaterally estopped by the prior debt proceeding because the hearing official did not adjudicate the settlement agreement. *See Tanner v. U.S. Postal Service*, 94 M.S.P.R. 417, ¶ 11 (2003) (before a party can invoke collateral estoppel, the legal matter raised in the subsequent proceeding must involve the same set of events or documents and the same "bundle of legal principles" that contributed to the rendering of the first judgment). Further, the existence of the debt is not barred by the

found that the agency did not breach the terms of the agreement. CID at 4-5. We disagree.

¶6 A settlement agreement is a contract, and, as such, will be enforced in accord with contract law. *Torres v. Department of Homeland Security*, 110 M.S.P.R. 482, ¶ 9 (2009) (citing *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988)). The Board will enforce a settlement agreement which has been entered into the record in the same manner as a final Board decision or order. *Id.*, ¶ 8. Where the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.*; *Crook v. Department of Housing & Urban Development*, 102 M.S.P.R. 340, ¶ 5 (2006). A breach of a settlement agreement is material when it relates to a matter of vital importance or goes to the essence of the contract. *Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 11 (2011). The ultimate burden remains with the appellant to prove breach by a preponderance of the evidence. *Crook*, 102 M.S.P.R. 340, ¶ 5.

¶7 Paragraph 1 of the settlement agreement indicates that it is "in full and final settlement of all issues involving the employment and resignation of [the appellant] . . . as well as any other matters related to [her] employment with the [agency]." I-3 IAF, Tab 26; CF, Tab 6 at 16.

¶8 We find that paragraph 1 is unambiguous. It contains a full and final settlement of all employment-related matters. Such terms have been read broadly. *See W. Vinten Limited v. United States*, 213 Ct. Cl. 759 (1977) (per curiam) (a "full and final settlement" constitutes a general release of all claims

---

doctrine of res judicata because, under Department of Defense (DOD) regulations, a debt determination does not prevent debtors from challenging the debt under other statutes or regulations. CF, Tab 1 at 20 (citing DOD, Financial Management Regulation, DOD 7000.14-R, V.5, § 281001(G), *available at* http://comptroller.defense. gov/FMR/fmrvolumes.aspx); *see Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995) (res judicata applies to a final judgment on the merits).

between the parties, "which are not expressly reserved or excepted from the scope of the agreement"). In the past, the Board has found similar language expressed the parties' desire to fully resolve their outstanding disputes related to an appellant's employment with an agency. *See Laity v. Department of Veterans Affairs*, 61 M.S.P.R. 256, 263 (1994) (a settlement that fully resolved any and all matters related to the issues leading to the issuance of a suspension waived the appellant's appeal rights regarding not only those issues involved in the grievance case he actually brought but also related in any way to the agency's actions leading to the suspension); *see also Paderick v. Office of Personnel Management*, 54 M.S.P.R. 456, 459 n.2 (1992) (an agreement providing that it is a "full and final settlement of all matters" in the appeal constitutes a waiver of the right to move for payment of attorney fees).

¶9    The appellant accrued a debt for health insurance premiums while on LWOP from February 12, 2009, through January 31, 2010, and from May 23, 2010, through August 7, 2010. CF, Tab 1 at 20. The agreement does not address this debt. *See* I-3 IAF, Tab 26; *see also* CF, Tab 6 at 16-18. The agency requested payment for this debt after the effective date of the agreement. CF, Tab 1 at 21, Tab 6 at 16, 18. We find that the agency breached the agreement by requesting this payment because paragraph 1 unambiguously indicates that the agreement resolves all outstanding disputes related to the appellant's employment with the agency. If the agency wanted to exclude this debt from the global settlement agreement, then it should have so indicated in the agreement. *See Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 16 (2008) (regardless of whether he was aware of his Board appeal rights, the appellant waived them when his union entered into a global settlement agreement on his behalf without expressly reserving them), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009).

¶10    The agency argues that DFAS is a separate entity, DFAS was not a party to the settlement agreement between the appellant and agency, and any dispute between DFAS and the appellant should be settled by those two parties. PFR

File, Tab 4 at 5; CF, Tab 6 at 5-6. We reject the agency's arguments because DFAS was acting as an agent of DOD in collecting the debt, and the debt arose out of the appellant's employment with the agency. *See* CF, Tab 1 at 36 (containing the statement by DFAS in a letter to the appellant that it was the DOD activity responsible for collecting her debt); *see also Tichenor v. Department of the Army*, 84 M.S.P.R. 386, ¶ 8 (1999) (rejecting the agency's argument that severance pay withheld by DFAS was not the result of the agency's action because the agency was using DFAS as its paying agent).

The settlement agreement precludes the Board from reviewing the appellant's whistleblower and retaliation claims.

¶11    The appellant alleges that she is a whistleblower because of the settlement of a prior employment dispute in 2007.[5] *See* PFR File, Tab 5 at 18; *see also* CF, Tab 7 at 1 (raising this argument below). Further, she appears to argue that the agency retaliated against her after she reported that the agency was spying on her home computer. *See* PFR File, Tab 1 at 5, Tab 5 at 5-6; *see also* CF, Tab 7 at 2-3, Tab 12 at 3, Tab 13 at 3-4. She stated on review, "[p]lease advise me how I was not thrown out like trash after talking with [o]fficers and [m]ilitary [i]ntelligence [a]gents."[6] PFR File, Tab 5 at 5.

¶12    To the extent that the appellant is requesting that we review her whistleblower reprisal claim, we decline to do so because she waived this claim in the settlement agreement, I-3 IAF, Tab 26; CF, Tab 6 at 16-17; *see Laity*, 61 M.S.P.R. at 263 (provision stating that the agreement "fully resolves any and all" matters and issues leading to the appellant's suspension was broad enough to support a finding that he waived the whistleblower reprisal claim stemming from that action). In the settlement agreement, the appellant agreed to "refrain from

---

[5] The administrative judge failed to address this argument below.

[6] The appellant filed a complaint with the Office of Special Counsel (OSC) and it issued a final decision that closed its inquiry into her complaint. PFR File, Tab 5 at 16-17. The evidence of OSC exhaustion is presented for the first time on review.

continuing, initiating or instituting any action" with any court or administrative body, including the Board and Office of Special Counsel (OSC), against the agency concerning any matter related to her employment with the agency, which would include a whistleblower reprisal claim. I-3 IAF, Tab 26; CF, Tab 6 at 17.

The suspension of the appellant's former representative from the practice of law does not provide for Board review of the initial decision.

¶13     On review, the appellant filed information regarding the suspension of her former representative from the practice of law. PFR File, Tab 2 at 22-24. She argues that she was never notified about the attorney's suspension and has no one to represent her. *Id.* at 25.

¶14     The record evidence indicates that the appellant was represented by her former attorney from March 4, 2009, to August 16, 2010. *See* I-1 IAF, Tab 1 at 8; *see also* ID at 1. He was suspended on July 25, 2014. PFR File, Tab 2 at 22. The appellant thus has not shown a link between her former representative's suspension and the outcome of the initial appeal. In any event, it is the appellant's obligation to secure representation. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). Further, an appellant is generally responsible for the errors of her chosen representative. *See, e.g.*, *Johnson v. Department of the Treasury*, 721 F.2d 361, 365 (Fed. Cir. 1983); *De Luna v. Department of the Navy*, 58 M.S.P.R. 526, 530-31 (1993). An exception may lie when an appellant establishes that her diligent efforts to prosecute an appeal were thwarted, without her knowledge, by her attorney's deceptions, negligence, or malfeasance. *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 13, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010). There is no such evidence here. Therefore, we find that the suspension of her former representative is immaterial to this appeal.

¶15     Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board and the appellant will be afforded an opportunity to respond to that evidence. The

appellant's petition for enforcement will be referred to the MSPB's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision[7] and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

## ORDER

¶16      We ORDER the agency to submit to the Clerk of the Board within 45 days of the date of this decision satisfactory evidence of compliance with this decision. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission must include proof that it properly cancelled the appellant's health insurance premium debt and reimbursed the appellant any wage garnishments collected subsequent to August 5, 2010. We ORDER the appellant to cooperate in good faith in the agency's efforts to cancel the health insurance premium debt and reimburse the wage garnishments, and to provide all necessary information the agency requests to help it carry out the Board's Order. The agency must serve all parties with copies of its submission.

¶17      **The Board will assign a new docket number to this matter, CH-0752-09-0448-X-1.** All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

---

[7] The subsequent decision may incorporate the analysis and findings set forth in this order.

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C.  20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶18        The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission.  5 C.F.R. § 1201.183(a)(8).  If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's actions and dismiss the petition for enforcement.

¶19        The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case.  5 C.F.R. § 1201.183(c).  The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with."  5 U.S.C. § 1204(e)(2)(A).

¶20        This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. 7703(a)(1).  Upon final resolution of the remaining

issues in this petition for enforcement by the Board, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.