NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MIA S. RHEE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent*

---

2023-1238

---

Petition for review of the Merit Systems Protection Board in No. SF-0432-21-0165-I-1.

---

Decided:  February 20, 2025

---

MIA RHEE, Irvine, CA, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before TARANTO, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Mia S. Rhee appeals a decision of the Merit Systems Protection Board, which affirmed an initial decision by the Treasury Inspector General for Tax Administration that removed Ms. Rhee from the position of Special Agent. We affirm.

I

Ms. Rhee served as a Special Agent in the Treasury Inspector General for Tax Administration's Office of Investigations, an agency within the Department of the Treasury, from 2002 to 2021. The Office of Investigations conducts administrative and criminal investigations into employee integrity, violence and threats against the IRS, and external threats to the IRS.

Beginning in August 2019, Ms. Rhee was supervised by Assistant Special Agent-in-Charge, Angela Druen. Ms. Druen was supervised by Special Agent-in-Charge Rod Ammari, who in turn was supervised by Assistant Inspector General for Investigations Susan Moats. Shortly after becoming Ms. Rhee's supervisor, Ms. Druen became aware that Ms. Rhee was significantly behind on her workload. R.A. 16. Upon realizing that Ms. Rhee was behind on her workload, Ms. Druen communicated her concerns to Ms. Rhee and stated her expectations during a mid-year review in April 2020. R.A. 18. Seeing no improvement, Ms. Druen placed Ms. Rhee on a Performance Improvement Plan on July 1, 2020. J.A. 18–19. Ms. Druen spoke with her multiple times during the PIP period, from July 1, 2020, through September 30, 2020. R.A. 19–20, 22. On October 5, 2020, Ms. Druen issued Ms. Rhee an interim rating of unacceptable for the Performance Improvement Plan period based on Ms. Rhee's failure to meet the first critical element, Employee Responsibilities, and Ms. Rhee's unacceptable performance in each of the other three critical elements. R.A. 22. Ms. Druen concluded she would propose removal and identified Mr. Ammari as the deciding official.

R.A. 23. After discussion with Ms. Moats, Mr. Ammari recused himself as the deciding official because he was involved in prior performance and disciplinary actions concerning Ms. Rhee. R.A. 23–24. In response, Ms. Moats designated Special Agent-in-Charge Gary Smith as the deciding official. R.A. 24. On October 23, 2020, Ms. Druen issued a proposal to remove Ms. Rhee for unacceptable performance. R.A. 24. On December 16, 2020, Ms. Rhee provided a written response to Mr. Smith. R.A. 26.

On January 5, 2021, after reviewing all the submitted material, Mr. Smith issued a decision removing Ms. Rhee for unacceptable performance. R.A. 26. Mr. Smith found that Ms. Rhee did not identify information contradicting the proposal's findings or argue those findings were inaccurate. R.A. 26–27. Mr. Smith considered the mitigating circumstances raised and Ms. Rhee's allegations of retaliation but ultimately found that the numerous examples in the proposal established Ms. Rhee's unacceptable performance and that the allegations of retaliation were uncompelling. R.A. 27. Ms. Rhee was removed effective January 5, 2021. R.A. 27.

On January 11, 2021, Ms. Rhee filed an appeal at the Board challenging her removal. R.A. 27. After discovery and a three-day hearing, the administrative judge affirmed the agency's removal decision. R.A. 11. The administrative judge determined that the agency had met its burden of proof to remove Ms. Rhee. Specifically, the administrative judge determined that: (1) the agency established performance standards and communicated them to Ms. Rhee at the beginning of the performance appraisal period; (2) Ms. Rhee's performance failed to meet the agency's established performance standards, including before being placed on the PIP; (3) the agency warned Ms. Rhee of the inadequacies of her performance during the appraisal period and gave her an adequate opportunity to improve; and, (4) after an adequate improvement period, Ms. Rhee's performance remained unacceptable in at least one critical

element. R.A. 11–73. The administrative judge further determined that Ms. Rhee failed to meet her burden to prove her affirmative defenses of harmful procedural error, due process violation, whistleblower retaliation, and discrimination on the basis of race, sex, and national origin. R.A. 73–95.

Ms. Rhee filed a petition for full Board review. R.A. 1. In its final decision, the Board denied Ms. Rhee's petition and affirmed the administrative judge's decision, except that it modified that decision to find that Ms. Rhee did not meet the contributing factor standard of her whistleblower retaliation defense even through means other than the knowledge/timing test. R.A. 2–5.

Ms. Rhee appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## III

Ms. Rhee asserts that the Board "failed to take into account or consider relevant facts and records presented." Pet. Br. at 2. Ms. Rhee's informal brief asserts that "facts opposing the MSPB initial decision and final order are listed in the continuing pages," *id.*, but no such pages were included with her informal brief. The burden of establishing reversible error in the MSPB's decision rests with Ms. Rhee. *See Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020) ("The petitioner bears the burden of establishing reversible error in the Board's final decision."). Ms. Rhee's assertions, unsubstantiated by any record support, fail to carry that burden.

Further, Ms. Rhee asserts that the administrative judge "abused her discretion, did not adequately hear the case, and made erroneous credibility determinations." Pet. Br. at 2. In support of these assertions, Ms. Rhee relies on various arguments made in her petition for review. We address each argument in turn.

First, Ms. Rhee alleges that the administrative judge abused her discretion by denying Ms. Rhee's request to reschedule the hearing on April 19, 2021. R.A. 118–19. Administrative judges have broad discretion in regulating the proceedings before them. *See Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994) ("MSPB has broad discretion to control its own docket[.]"). A motion to reschedule a hearing need not be granted in the absence of good cause. *Johnson v. Dep't of Treasury*, 721 F.2d 361, 364 (Fed. Cir. 1983). Whether or not good cause exists is generally determined per the unique facts of each case. *Id.*

The administrative judge denied Ms. Rhee's request to postpone the hearing because Ms. Rhee did not show good cause. R.A. 116. As the administrative judge explained, Ms. Rhee stated in her motion that she had recently taken her sister and mother to urgent care and was required to monitor and care for them, but she presented neither medical documentation of her family members' conditions nor documentation or doctor's orders as to Ms. Rhee's specific obligations. *Id.*; *see also* 5 C.F.R. § 1201.51(c) (stating the requirement that a motion for postponement of the hearing "must be made in writing and must either be accompanied by an affidavit or sworn statement under 28 U.S.C. § 1746"). Considering the lack of information before her, the administrative judge did not abuse her discretion in denying Ms. Rhee's postponement request. *See Johnson*, 721 F.2d at 364–65 (finding no abuse of discretion in denying third request for continuance based on petitioner's counsel's failure to convey sufficient information regarding the need for postponement).

Second, Ms. Rhee alleges that the administrative judge abused her discretion by not considering certain documents for the initial decision. R.A. 119. Specifically, Ms. Rhee claims certain documents were not mentioned in the administrative judge's decision, and thus, concludes that the administrative judge did not consider them. R.A. 119. But the administrative judge is not required to specifically mention every document considered in the initial decision. *See* 5 C.F.R. § 1201.111(b) (listing what "[e]ach initial decision will contain"). Even so, the administrative judge issued an 85-page initial decision that identified record evidence relevant to Ms. Rhee's appeal and properly considered this evidence in reaching the final determination. R.A. 11–95. Thus, the administrative judge did not abuse her discretion by not mentioning certain documents in the initial decision.

Third, Ms. Rhee alleges that the administrative judge abused her discretion by limiting the examination of Ms. Moats at the hearing. R.A. 119. Ms. Rhee argues that she was prevented from questioning Ms. Moats "regarding Rod Ammari's duties and responsibilities that would have revealed his direct role and responsibilities as the secondary manager and reviewing official." R.A. 119.

Procedural matters related to evidentiary issues "fall within the sound discretion of the board and its officials." *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988) (citations omitted). We "will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." *Id.* The administrative judge found that Ms. Rhee's theory of *ex parte* communications between Mr. Ammari and Mr. Smith was "speculation without evidentiary support." R.A. 76–77. And the Board found that "there is no evidence in the record that establishes that the second-line supervisor issued the decision to remove [Ms. Rhee] or that he influenced, pressured, conspired with, or directed any individual to place the appellant on a PIP or to remove her." R.A. 3 n.3. Because Ms. Rhee has

provided no argument or record support to challenge these findings, she has not established that the Board abused its discretion in limiting the testimony of Ms. Moats.

## IV

We have considered Mr. Rhee's other arguments and find them unpersuasive: Because substantial evidence supports the Board's decision, we affirm.

## **AFFIRMED**

### COSTS

No costs.