## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN W. MORRISON,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-0752-16-0422-I-3 |
| 　　　v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DATE: July 16, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kim Shugars, Las Vegas, Nevada, for the appellant.

Barbara M. Dale, Esquire, Newport, Rhode Island, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The procedural history is complicated, but the relevant facts are generally undisputed. The appellant was employed as a GS-7 Firefighter, a non-critical sensitive position which required him to maintain eligibility for a security clearance. *Morrison v. Department of the Navy*, MSPB Docket No. PH-0752-16-0422-I-2, Appeal File (I-2 AF), Tab 9 at 70, 209-10, 256. The agency made a preliminary determination to revoke his eligibility for a security clearance and assignment to a sensitive position. *Id*. at 234-35. After the appellant submitted a response, *id*. at 222-33, the agency revoked his eligibility for a security clearance because the extent of his indebtedness and failure to provide sufficient evidence of repayment or resolution of his debts cast doubt on his judgment, reliability, and trustworthiness, *id*. at 219-20. The appellant appealed the revocation to the Personnel Security Appeals Board, which upheld the revocation of his security clearance. *Id*. at 212-13. Thereafter, the agency proposed his removal on March 28, 2012, based on the charge of Denied Eligibility to Access Non-Critical Sensitive Areas. *Id*. at 163-66. The appellant responded to the proposal. *Id*. at 64, 80-161.

On July 13, 2012, the appellant met with his third-level supervisor, who told him that the charge against him had been sustained and that he was to be removed that same day. I-2 AF, Tab 9 at 64-66, Tab 38 at 7. Although the appellant was advised of the agency's decision, the decision letter was not issued to him that day because he decided to retire before the removal could take effect. I-2 AF, Tab 9 at 67-69, Tab 38 at 7.

The appellant filed an involuntary retirement appeal with the Board, and the administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing. *Morrison v. Department of the Navy*, MSPB Docket No. PH-0752-14-0669-I-1, Initial Decision (Jul. 29, 2014). After the appellant filed a petition for review, the Board found that he nonfrivolously alleged that his retirement was involuntary because he materially relied on agency misinformation, vacated the initial decision, and remanded the appeal for a jurisdictional hearing. *Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶¶ 1, 4, 7-10, 13 (2015).

On remand, after holding a jurisdictional hearing, the administrative judge found that the appellant's retirement was involuntary, and she ordered the appellant retroactively restored to the status quo ante. *Morrison v. Department of the Navy*, MSPB Docket No. PH-0752-14-0669-B-1, Remand Initial Decision (Dec. 21, 2015). After the agency filed a petition for review, the Board affirmed the initial decision as modified to clarify how status quo relief could be provided. *Morrison v. Department of the Navy*, MSPB Docket No. PH-0752-14-0669-B-1, Final Order (Jun. 28, 2016). The Board found that the status quo ante relief required the agency to determine if and when the appellant would have been removed had he not retired, and then take the necessary unexecuted steps to issue its decision, including providing the appellant with notice of appeal rights. *Id*., ¶ 17. The Board noted that, if the agency would have removed the appellant effective July 13, 2012, his retirement date would not be cancelled, and he would not be entitled to reinstatement or back pay. *Id*. The Board also noted that the

agency must follow applicable laws and regulations in documenting the separation as a retirement in lieu of removal. *Id*.

By letter dated July 6, 2016, the agency determined that it would have effected the appellant's removal had he not retired on July 13, 2012. I-2 AF, Tab 9 at 19-22. Consistent with the Board's order, the agency therefore documented his removal, effective July 13, 2012, as when an employee retires in lieu of removal. *Id*. at 70. This appeal followed. *Morrison v. Department of the Navy*, MSPB Docket No. PH-0752-16-0422-I-1, Initial Appeal File (IAF), Tab 1. The administrative judge dismissed the appeal without prejudice because the appellant had appealed the Board's June 28, 2016 Final Order to the U.S. Court of Appeals for the Federal Circuit. IAF, Tab 5.

Meanwhile, in his appeal to the Federal Circuit, the appellant argued that he was entitled to some back pay as a matter of law. *Morrison v. Department of the Navy*, 876 F.3d 1106, 1109 (Fed. Cir. 2017). The court dismissed the appeal for lack of jurisdiction because it found that the Board's June 28, 2016 decision was not a final order or final decision for purposes of 28 U.S.C. § 1295(a)(9). *Id*. at 1109-11.

Following the Federal Circuit's decision, the appellant's appeal of his removal was automatically refiled. I-2 AF, Tab 2. During the course of the appeal, the appellant requested an extended adjournment because of his representative's unavailability. I-2 AF, Tab 43 at 2. The administrative judge therefore dismissed the appeal without prejudice, to be automatically refiled in 60 days. *Id*. at 1-3.

The appeal was thereafter automatically refiled. *Morrison v. Department of the Navy*, MSPB Docket No. PH-0752-16-0422-I-3, Appeal File (I-3 AF), Tab 2. Following the failure of the appellant to appear for his requested hearing, the appeal was decided based on the written record. I-3 AF, Tab 18, Initial Decision (ID) at 1. The administrative judge affirmed the appellant's removal, finding that his position required a security clearance, his security clearance was revoked, he

was provided the required procedural protections, and the agency had no policy or regulation requiring it to reassign him to a different position. ID at 5-6. She noted that, in cases such as this, involving a removal based on the revocation of a security clearance, the Board does not conduct a traditional *Douglas* factors[2] analysis, ID at 4-5, and she was thus precluded from considering the appellant's affirmative defense of age discrimination, ID at 6 n.2.

The appellant has filed a lengthy petition for review. Petition for Review (PFR) File, Tab 1. In it, he makes the following arguments, among others: (1) the agency failed to provide him with "termination papers"; (2) the agency violated his due process rights and committed harmful error when it removed him; (3) the agency failed to consider the *Douglas* factors in removing him; (4) the agency removed him because of his age and his equal employment opportunity (EEO) activities, his whistleblowing activities, and his decision to file a grievance; (5) his retirement was involuntary; (6) the agency failed to carry out the Board's prior orders; (7) the agency failed to properly respond to his discovery requests and thereby violated his due process rights; (8) the agency representative committed fraud by forging his signature; (9) his requested witnesses, who were agency employees, were not made available; (10) the agency witnesses and representatives refused to be on video; (11) one of the compact discs (CDs) he was sent, which contained the recording of a status conference, was cracked, and he should be provided all recordings and transcripts of the calls made in this appeal; (12) the administrative judge improperly rejected his filings on technical grounds; (13) the administrative judge improperly denied his request for a continuance of the hearing and then denied him a hearing; (14) the administrative judge was biased against him; (15) the administrative judge should have appointed him a representative; and (16) he should be awarded damages and attorney fees. *Id*. He also provides additional documentation, to include the

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors that are relevant in determining the appropriateness of a penalty.

following: some of the agency's responses to his interrogatories and requests for production of documents; his communication with the administrative judge about a cracked CD and alleged fraud by agency counsel; the initial decision; and a complaint that he filed below against the administrative judge and agency counsel. *Id*. at 26-28, 37-73. The agency has filed a response opposing the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved the charge.

The agency bears the burden of proving its charge by preponderant evidence. *Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 7 (2014). In an appeal of an adverse action under 5 U.S.C. § 7513 based on the denial, revocation, or suspension of a security clearance, the Board does not have the authority to review the substance of the underlying security determination. *Department of the Navy v. Egan*, 484 U.S. 518, 530 (1988); *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 7 (2014). Rather, the Board only has the authority to review whether (1) the appellant's position required a clearance, (2) the clearance was denied, revoked, or suspended, and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513. *Grimes*, 122 M.S.P.R. 36, ¶ 7. Section 7513(b) provides that, in connection with a proposed removal action, an employee is entitled to the following: (1) at least 30 days' advance written notice, stating the specific reasons for the proposed action; (2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer; (3) to be represented by an attorney or other representative; and (4) a written decision and the specific reasons therefor.

Among other things, the administrative judge found that the undisputed evidence established the following: (1) the appellant's position was a non-critical sensitive position that required him to maintain eligibility for a security

clearance; (2) his eligibility for a security clearance and his assignment to a sensitive position was revoked; (3) he was provided 30 days' advance written notice of the specific reasons for his proposed removal (5 U.S.C. § 7513(b)(1)); and (4) he was provided a reasonable opportunity to respond (5 U.S.C. § 7513(b) (2)). ID at 2, 5. The appellant does not challenge these findings on review, and we discern no reason to disturb them. Accordingly, we find that these elements are satisfied.

Regarding whether the appellant was allowed representation in connection with the proposed removal (5 U.S.C. § 7513(b)(3)), the administrative judge found that he had an opportunity to be represented. ID at 5. However, the appellant indicates on review that, upon being shown the July 13, 2012 decision notice, he was denied the opportunity to speak to his attorney before making a decision on whether to retire or to be removed. PFR File, Tab 1 at 11.

The proposal notice informed the appellant that he could be represented by an attorney or other representative in making his reply, but that such designation had to be in writing. I-2 AF, Tab 9 at 164. The then-unissued 2012 decision letter stated that the appellant designated a representative in a facsimile sent on April 3, 2012. *Id*. at 64. Moreover, the appellant's response to the notice of proposed removal contained an annotation indicating that a carbon copy would be sent to his representative. *Id*. at 80-84. Additionally, he has been represented by the same representative throughout these appeals.[3] Accordingly, we find that the agency has complied with the requirements of 5 U.S.C. § 7513(b)(3).

Regarding 5 U.S.C. § 7513(b)(4), the appellant asserts that he never received a termination letter in 2012 or thereafter. PFR File, Tab 1 at 18. The record contains two written decision letters regarding the appellant's removal. The first is dated July 13, 2012, and stated that the appellant was to be removed

---

[3] The appellant's allegation that he was denied the opportunity to speak with his representative on July 13, 2012, when he had to decide between retirement and removal before the decision letter was issued, has little, if any, relevance to the appeal before us, since the Board determined that his retirement was involuntary.

that same day based on the charge of Denied Eligibility to Access Non-Critical Sensitive Areas. I-2 AF, Tab 9 at 20-22. The second is dated July 6, 2016, and it referenced and reissued the earlier decision letter and readopted the findings therein. *Id*. at 19.

It appears undisputed that, although the appellant was not formally issued the July 13, 2012 decision letter, he was made aware of the nature of the contents therein on that date. Additionally, the appellant included a copy of the July 6, 2016 decision letter, as well as the reissued and readopted July 13, 2012 decision letter, with his initial appeal. IAF, Tab 1 at 9-12. Accordingly, we find that the agency complied with the requirements of 5 U.S.C. § 7513(b)(4) by providing the appellant with its written decision, containing the specific reasons therefor, concerning his removal. We further find that the charge is sustained.

We have considered the appellant's substantive arguments regarding the removal, but none warrant a different outcome. For example, below, the appellant filed a complaint in which he asserted, among other things, that he was denied due process and/or that the agency engaged in harmful error when the agency failed to (1) notify him of its attempt to "[b]ack date" his removal, and (2) provide him notice of the removal, his Board appeal rights, and the specific grounds and material relied upon for its removal decision. I-2 AF, Tab 39 at 6-7. The administrative judge did not address the appellant's argument regarding the attempt to "[b]ack date" his removal, although she did find that that he "was provided a written decision with reasons in accordance with Section 7513(b)." ID at 5. On review, the appellant attaches his complaint and the arguments raised therein, PFR File, Tab 1 at 62-63, which we construe as an allegation that the administrative judge erred in her analysis of these issues. For the reasons discussed above, the appellant's assertions that the agency failed to provide him with notice of the removal and the specific grounds for its decision are without merit. Furthermore, the 2016 decision letter, which reissued the 2012 decision letter, informed the appellant of his Board appeal rights. I-2 AF, Tab 9 at 19-22.

Due process requires that the appellant be given notice of the reasons for the removal and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). The appellant has not cited any specific evidence in support of his bare assertion that the agency failed to provide him with the material relied upon for its decision. To the contrary, the March 28, 2012 proposal notice indicated that the agency's case file and materials relied upon were included with the notice. I-2 AF, Tab 9 at 163-64. Moreover, the administrative judge sanctioned the appellant and held that the agency's requests for admissions would be deemed admitted based on his failure to respond in accordance with her order. I-3 AF, Tab 9 at 5. Among other things, the administrative judge deemed that the appellant admitted that, on or about March 28, 2012, he was presented with a proposal notice along with the material upon which the notice relied. *Id*. at 5, 9. Accordingly, we find that the agency provided the appellant with the material relied upon for its decision, and thus, there was no due process violation or agency error.

Regarding the appellant's assertion that the agency failed to notify him of its attempt to back date his removal, PFR File, Tab 1 at 62, the nature of this assertion is unclear. We interpret his assertion as arguing that the agency failed to issue him another proposal notice following the Board's finding that his retirement was involuntary and its order to the agency to determine whether it would have removed the appellant if he did not retire. However, the appellant cites no authority for the proposition that the agency was required to issue him a second proposal notice following the reversal of his retirement as involuntary, nor are we aware of any. We find that there was no need for the agency to issue a new proposal notice following the Board's 2016 final order. To hold otherwise—and require the agency to initiate an entirely new removal action whereby it would have to provide the appellant with, inter alia, 30 days advance written notice—would place the appellant in a better position than he would have enjoyed if he had not retired on July 13, 2012. *See Baldwin v. Department of Veterans*

*Affairs*, 111 M.S.P.R. 586, ¶¶ 45-47 (2009) (finding that the Board's relief order for an appellant whose resignation was found involuntary had to take into account that the agency had decided to remove him the same day he resigned). Accordingly, we find his argument to be without merit.

We have considered the appellant's argument that the penalty of removal is inconsistent with the *Douglas* factors. *E.g.*, PFR File, Tab 1 at 15-19. However, unless an employee has been provided a substantive right to reassignment through statute or regulation, it is improper for the Board to consider the *Douglas* factors in cases wherein the employee has been subjected to an adverse action based on security clearance or eligibility determinations. *Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1373 (Fed. Cir. 2015); *Munoz*, 121 M.S.P.R. 483, ¶ 15. Here, as the administrative judge found, the agency set forth unrefuted evidence that no such statute or regulation required the agency to transfer the appellant to a non-sensitive position. ID at 5 (citing I-2 AF, Tab 9 at 25, 236). Therefore, we need not address his arguments regarding the *Douglas* factors.

The appellant also argues that the agency discriminated against him in violation of Title VII of the Civil Rights Act of 1964 and retaliated against him because of his EEO activity, his whistleblowing disclosures, and his filing of a grievance. *E.g.*, PFR File, Tab 1 at 9-10, 12-14, 25, 28-29. The Board is without authority to review such affirmative defenses in the context of an adverse action based on a security clearance determination. *Adams v. Department of Defense*, 688 F.3d 1330, 1334 (Fed. Cir. 2012); *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 10 & n.5 (2014). Therefore, we need not address such claims on review.

<u>The agency restored the appellant to the status quo ante.</u>

The appellant asserts that the agency never returned him to the status quo ante by cancelling his retirement and providing him an appropriate amount of

back pay.[4]  PFR File, Tab 1 at 24-25.  The appellant also requests front pay, damages, "interest compounded, 401k losses to be added, [v]acation [p]ay, [and] [s]ick pay."  *Id*. at 23, 29.

The Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order.  *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984).  When an agency action is canceled, the proper remedy is to place the employee as nearly as possible in the status quo ante, i.e., in the position he would have occupied absent the improper action.  *Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶ 19 (2008).  Status quo ante relief does not entitle an appellant to be placed in a better position than he would have enjoyed had the adverse action not occurred.  *Id.*; *King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 19 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006).

Normally, issues of agency noncompliance and status quo ante relief are addressed in a petition for enforcement.  However, the appellant was not advised during the course of this appeal that he should have filed a petition for enforcement regarding the agency's alleged noncompliance with the Board's prior order, and he did not file such a petition for enforcement.  Given the unusual posture of this appeal, we consider this issue herein.  *See, e.g.*, *Sink*, 110 M.S.P.R. 153, ¶¶ 18-23 (remanding the appeal and discussing the appellant's entitlement to status quo ante relief in an involuntary retirement appeal under unusual circumstances, including that the appellant's former position had been abolished in a legitimate reorganization, he refused a directed reassignment, the agency proposed his removal based on his refusal to accept the directed reassignment, and the appellant involuntarily retired before a decision on the proposed removal).

For the reasons discussed herein, the only improper action was the appellant's involuntary retirement in 2012.  Consistent with the Board's June 28,

---

[4] On review, the appellant asserts that he was forced to retire in 2012.  PFR File, Tab 1 at 11-12.  However, as noted above, the Board has already found that his retirement was involuntary.  Therefore, we need not address this issue on review.

2016 Final Order, the agency found, by letter dated July 6, 2016, that, had the appellant not retired on July 13, 2012, it would have effected his removal that day. I-2 AF, Tab 9 at 19. The agency therefore documented his removal, effective July 13, 2012, as when an employee retires in lieu of removal. *Id.* at 70. The agency's evidence is credible and comports with the Board's order.

Because we find that the appellant would have been removed, effective July 13, 2012, but for his involuntary decision to retire on that same day, ordering that he be provided back pay or other compensation for any amount of time following that date would place him in a better position than he would have enjoyed had his involuntary retirement not occurred. Accordingly, we find that the agency has provided the appellant with all of the status quo ante relief to which he is entitled.

<u>The appellant's remaining arguments do not warrant a different outcome.</u>

On review, the appellant argues, among other things, that the administrative judge was biased against him and erred when she denied his request for a continuance of the hearing and decided the appeal on the written record, rejected his motions to compel, failed to address the agency representative's alleged fraud, and failed to provide him with a representative. PFR File, Tab 1 at 6-9, 14-15, 19-22, 26-28, 45. For the reasons stated below, we find that the appellant's arguments are without merit.

> *The administrative judge properly denied the appellant's request for a continuance of the hearing and decided the appeal based on the written record.*

The Board's regulations provide that a motion for postponement of the hearing must be made in writing and must be accompanied by an affidavit or sworn statement that describes the reasons for the request, and the administrative judge will grant the request only upon a showing of good cause. *Brown v. Department of the Interior*, 86 M.S.P.R. 546, ¶ 15 (2000); 5 C.F.R. § 1201.51(c).

On the evening of February 25, 2019, the appellant requested via facsimile a continuance of the video-conference hearing scheduled for February 28, 2019. I-3 AF, Tab 9 at 9, Tab 12. His motion made the following assertions: (1) there was a death and an out-of-town wedding in his family; (2) the appellant's representative's mother was ill; and (3) there was a "need for all the witnesses to be video taped [sic]." I-3 AF, Tab 12 at 1. No further details or evidence were provided in support of his motion for a continuance. The administrative judge denied the appellant's motion because he did not show good cause. I-3 AF, Tab 14 at 1. The administrative judge informed him that, if he failed to appear for the February 28, 2019 hearing, she would treat his non-appearance as a request to withdraw his request for the hearing and decide the appeal based on the written record. *Id*.

On February 28, 2019, the administrative judge opened the record, stated that the appellant had called earlier that morning to say that he would not be appearing for the hearing, noted that the agency representative had appeared for the hearing, and canceled the hearing. I-3 AF, Tab 15, Hearing Compact Disc. Later that day, the appellant filed a submission in which he indicated that he was "very troubled" by the administrative judge's denial of his request for a continuance, he reiterated the bases for his motion, and he added that he could "not make the hour long trip" to the hearing due to "icy conditions" and "slippery weather." I-3 AF, Tab 16 at 1-2. Neither his motion nor later submission was in the form of an affidavit or sworn statement.

Under the circumstances of this case, in which no affidavit or sworn statement was provided in support of the motion for continuance, we agree with the administrative judge that the appellant failed to make a showing of good cause for a continuance. *See McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶¶ 22-23 (2011) (finding that the administrative judge did not abuse his authority in denying the appellant's request to postpone the hearing when the appellant failed to show good cause for such postponement),

*aff'd*, 497 F. App'x 4 (Fed. Cir. 2012); *see also Johnson v. Department of the Treasury*, 721 F.2d 361, 362-65 (Fed. Cir. 1983) (finding that the presiding official did not abuse his discretion in denying a third requested postponement of the hearing and deciding the appeal on the written record when the appellant's representative disregarded the Board's regulations and procedures).  In light of our finding that the administrative judge did not err in canceling the hearing, we need not address the appellant's other hearing-related arguments regarding witnesses or the manner in which the hearing was to be held.

*The administrative judge properly rejected the appellant's motions to compel.*

On review, the appellant indicates that the administrative judge improperly rejected some of his pleadings for failing to comply with technical requirements. PFR File, Tab 1 at 14.  He argues that administrative judges should provide guidance to pro se appellants and interpret their arguments in the most favorable light.  *Id*. (citing *Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418 (1999)).  He also asserts that the administrative judge returned his motions back to him without ruling on them.  *E.g.*, PFR File, Tab 1 at 21.

Although unclear, it appears that the appellant is referring to the administrative judge's decision to deny his various motions to compel.  The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion.  *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).  In her order and summary of telephonic status conference, the administrative judge noted that the appellant appeared to have filed several motions to compel, and she denied them for failure to comply with 5 C.F.R. §§ 1201.73, 1201.74.  I-2 AF, Tab 16 at 1.  Among other things, these regulations provide that motions for orders compelling discovery must include the following:  (i) a copy of the original discovery request and a statement showing that the information sought is discoverable; (ii) a copy of the response to the request or a statement that no

response has been received, along with an affidavit or sworn statement supporting the statement; and (iii) a statement that the moving party has discussed or attempted to discuss the anticipated motion with the nonmoving party and made a good faith effort to resolve the discovery dispute and narrow the areas of disagreement. 5 C.F.R. §§ 1201.73(c)(1), 1201.74(a).

Here, at a minimum, the appellant's motions to compel failed to include a statement showing that the information sought was discoverable and a statement that he made a good faith effort to resolve the discovery dispute and narrow the areas of disagreement. I-2 AF, Tabs 10-13. Indeed, some of the information that the appellant indicated he was seeking involved the *Douglas* factors and accommodations given to other employees, information that is not relevant to the issues in this appeal and, thus, not discoverable. *E.g.*, I-2 AF, Tab 11 at 6-9, 11, Tab 12 at 2; *see* 5 C.F.R. § 1201.72(a) (providing that relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence). Thus, we discern no error with the administrative judge's decision to deny these motions to compel.

In her order and summary of the status conference, however, the administrative judge provided the appellant the opportunity to file an amended motion to compel in compliance with the Board's regulations. I-2 AF, Tab 16 at 1. The appellant thereafter filed additional motions to compel, I-2 AF, Tabs 21-22, which the administrative judge subsequently denied as being noncompliant with 5 C.F.R. §§ 1201.73, 1201.74, I-2 AF, Tab 23 at 1. She also stated that any further motions to compel filed by the appellant would be rejected. *Id*. The administrative judge thereafter rejected three additional motions to compel filed by the appellant.[5] I-2 AF, Tabs 27, 34.

---

[5] The administrative judge also rejected a submission from the appellant that was received after the issuance of the initial decision. I-3 AF, Tab 20. The appellant has not specifically alleged error with respect to the administrative judge's rejection of this submission, PFR File, Tab 1, and we need not consider this issue on review.

Although the appellant is correct that administrative judges should provide more guidance to pro se appellants, *see Miles*, 84 M.S.P.R. 418, ¶ 10, during the time period relevant here, the appellant was represented by a non-attorney representative. Moreover, following the appellant's initial failure to comply with the Board's regulations concerning motions to compel, the administrative judge directed him and his representative to those regulations and provided him another opportunity to submit a motion to compel that complied with the regulations. I-2 AF, Tab 16 at 1. Thus, we find that the appellant was provided ample guidance and the opportunity to cure the defects in his earlier motions to compel.

Additionally, as the appellant notes, the MSPB Judge's Handbook requires administrative judges to issue a written disposition for every motion filed. PFR File, Tab 1 at 28; *see* MSPB Judge's Handbook, Ch. 5 § 3.[6] The Handbook provides that "[i]t is important to assure that the record contains a clear ruling on all motions that may be significant so that the record reflects fully the [administrative judge's] actions and decisions." MSPB Judge's Handbook, Ch. 5 § 3. Here, the administrative judge disposed of the appellant's motions to compel by either denying them or by rejecting them in written decisions that fully reflected the administrative judge's analysis.

Under the circumstances presented here, we find no abuse of discretion committed by the administrative judge. In light of our finding that the administrative judge properly denied or rejected the appellant's motions to compel discovery, we need not address the appellant's argument on review that the agency failed to comply with his discovery requests and thereby violated his due process rights. PFR File, Tab 1 at 8, 22.

Relatedly, the appellant alleged below that one of the agency representatives committed fraud by rewriting his motion to compel and signing his name to it. I-2 AF, Tabs 21-22, Tab 37 at 1-3. Indeed, the appellant filed a complaint with the administrative judge regarding this allegation. I-2 AF,

---

[6] https://www.mspb.gov/appeals/files/ALJHandbook.pdf (last visited Jul. 16, 2024).

Tab 39. The administrative judge found that the appellant failed to put forth any evidence that the agency engaged in fraud or exhibited bad faith, and she further found that the appellant failed to show that the agency representatives engaged in any contumacious conduct or conduct prejudicial to the administration of justice. I-3 AF, Tab 9 at 7. Accordingly, the administrative judge denied his request for sanctions. *Id*. The appellant includes this complaint on review, PFR File, Tab 1 at 58-70, and we interpret this inclusion as a request for the Board to reevaluate his complaint. The regulation at 5 C.F.R. § 1201.43 states that an administrative judge "may impose sanctions upon the parties as necessary to serve the ends of justice." For the reasons stated by the administrative judge, we affirm her decision to deny the appellant's request for sanctions.

> *The appellant was not entitled to have a representative appointed for him by the Board.*

The appellant indicates that the Board should have appointed him a representative, considering that his chosen representative was "very ill," and he makes reference to the *French* procedures. PFR File, Tab 1 at 15, 22. In *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987), the Federal Circuit remanded a disability retirement appeal to the Board with instructions to formulate a procedure "to ensure the presence of a competent conservator or attorney" in a case involving "an apparently nonfrivolous claim of past incompetence by one presently incompetent." The apparent ill health of the appellant's representative is not a proper basis to invoke the *French* procedures because these procedures do not extend beyond cases involving a potential right to an annuity. *Burge v. Department of the Air Force*, 82 M.S.P.R. 75, ¶ 32 (1999). Because this removal action is based on a revoked security clearance and does not specifically involve a right to an annuity, it is the appellant's obligation to secure his own representation. *See Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 5 (2008).

*The appellant failed to establish that the administrative judge was biased.*

Below, the appellant filed a complaint against the administrative judge asserting, among other things, that the administrative judge was biased against him during the July 11, 2018 status conference,[7] during which she became "very angry," "lost her composure," and showed favoritism toward the agency by granting its numerous extension requests. *E.g.*, I-2 AF, Tab 39 at 3-4, 13-14. He also requested a change of venue and a different administrative judge. *Id*. at 4. The administrative judge denied his request for her withdrawal. I-3 AF, Tab 9 at 7-8. The appellant resubmits his complaint on review, PFR File, Tab 1 at 58-70, which we interpret as his request for the Board to reevaluate these assertions.

In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Our review of the record in this case indicates that the administrative judge made some inappropriate statements directed at the appellant's representative during the July 11, 2018 status conference. I-2 AF, Tab 26. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). As the court found in *Bieber*, 287 F.3d at 1361-62, some of the

---

[7] The appellant indicates that he was previously sent a broken copy of the recording of this status conference. PFR File, Tab 1 at 21, 26. He requests the recordings and transcripts of all the conferences in this appeal. *Id*. at 21, 26, 28. Below, the administrative judge provided him information on how to request another copy of the status conference recording. I-3 AF, Tab 9 at 6-7. The appellant may request a copy of any of the recordings in this appeal in accordance with 5 C.F.R. § 1201.53(c).

administrative judge's comments in this case were inappropriate, but they do not meet this standard and, thus, do not warrant new proceedings.

Regarding the administrative judge's decision to grant the agency's extension requests, the record reflects that the administrative judge's flexibility extended to both parties. For example, she rescheduled several conferences because of the appellant's or his representative's unavailability, I-2 AF, Tabs 5, 14, and dismissed the appeal without prejudice, to be automatically refiled, for his benefit, I-2 AF, Tab 43. Moreover, it is well settled that an administrative judge's case-related rulings, even if erroneous, are insufficient to establish bias warranting recusal, and claims of perceived adjudicatory errors simply do not provide a basis for recusal. *King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 6 (1999). Accordingly, we find that the appellant has failed to establish that the administrative judge was biased against him.

<u>The appellant's requests for attorney fees and damages are denied.</u>

The appellant requests attorney fees and costs as well as compensatory and consequential damages. PFR File, Tab 1 at 23, 29. However, following the Board's June 28, 2016 Final Order, the appellant filed a motion for attorney fees, which the administrative judge granted in part for the appellant's attorneys' work on the following appeals: MSPB Docket Nos. PH-0752-14-0669-I-1, PH-0752-14-0669-B-1, and PH-0752-14-0669-A-1. *Morrison v. Department of the Navy*, MSPB Docket No. PH-0752-14-0669-A-1, Initial Decision (Oct. 3, 2016). The administrative judge's decision on that motion for attorney fees became final on November 7, 2016, after neither party filed a petition for review. The appellant's requests for fees and damages in this matter are denied because, among other things, they do not comport with the Board's regulations at 5 C.F.R. §§ 1201.202-.204.

Finally, we have considered the remaining arguments raised in the appellant's petition for review but find that they do not warrant a different

outcome. We therefore deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.